OPINION
Jamie Williams is appealing from the sentence imposed on him after his plea of guilty to forgery pursuant to a plea negotiation. Williams is currently serving a term in prison and his sentence imposed following his new offense was twelve months in prison to be served consecutive to his previous sentence.
Williams, represented by counsel, contests the validity of his sentence with the following three assignments of error brought to this court:
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO PRISON FOR A FIFTH DEGREE FELONY.
 II. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO MORE THAN THE MINIMUM SENTENCE FOR A FIFTH DEGREE FELONY.
 III. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM SENTENCE FOR A FIFTH DEGREE FELONY.
Essentially, Williams is attacking the sentence because the trial court did not make the necessary findings under the new statute, R.C. 2929.13 and 2929.14.
The State responded with the simple one sentence brief, as follows:
 Appellee-State of Ohio concedes that, on the present State of the record, this case should be remanded to the trial court for sentencing.
Brief, 3.
The State seems to accept the arguments of Williams' counsel as cogent and persuasive, as do we. The three assignments of error are sustained, the judgment is reversed, the sentence is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
David E. Smith
Darrell L. Heckman
Hon. Richard O'Neill